NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERTA J. MCALMAN,**
*Petitioner*

**v.**

**DEPARTMENT OF THE INTERIOR,**
*Respondent*

---

2023-2392

---

Petition for review of the Merit Systems Protection Board in No. NY-1221-17-0233-W-1.

---

Decided:  September 5, 2024

---

ROBERTA J. MCALMAN, Honolulu, HI, pro se.

PATRICK ANGULO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY.

---

Before DYK, STOLL, and STARK, *Circuit Judges*.

PER CURIAM.

Roberta McAlman petitions for review of the Merit Systems Protection Board's ("Board") final order denying Ms. McAlman's petition for review and affirming a January 11, 2018, initial decision denying Ms. McAlman's request for corrective action under the Whistleblower Protection Act ("WPA"). Because the Board's decision is supported by substantial evidence, we *affirm*.

## BACKGROUND

Ms. McAlman began working at the National Park Service ("NPS") in June 2001, as an information technology ("IT") specialist. During her time at NPS, she filed union grievances, the last of which she filed in 2006. Additionally, Ms. McAlman filed Office of Special Counsel ("OSC") complaints in 2007, 2008, and 2010. After her managers deemed her unsuccessful in her IT specialist position, they reassigned her to a program assistant position on September 5, 2010.

On February 16, 2011, Ms. McAlman filed an Individual Right of Action ("IRA") appeal, alleging that, in retaliation for her protected disclosures, "the agency gave her an undesirable detail" when it reassigned her to a program assistant position and the agency "did not allow her to perform the duties of the GS-9 Information Technology Specialist position." *McAlman v. Dep't of the Interior*, No. NY-1221-11-0131-W-1, 2011 WL 5866442 (M.S.P.B. June 14, 2011). The Administrative Judge ("AJ") dismissed the appeal for lack of jurisdiction on June 14, 2011, finding that "the record is devoid of any indication that [Ms. McAlman] made a disclosure within the scope of 5 U.S.C. § 2302(b)(8) [(the WPA)] or that she informed OSC that she made such a disclosure." *Id.*

In November 2014, Ms. McAlman initiated a request for a hardship transfer in order to take care of her mother in Hawaii. Her request was not granted. On April 1, 2015,

Ms. McAlman requested reassignment due to issues with her direct supervisor, which was denied. Rita Mullally (Ms. McAlman's second line supervisor) issued Ms. McAlman two Letters of Warning on November 5, 2015, and December 2, 2015. Ms. McAlman stopped working for medical reasons in August 2016 and has not reported back for work since that time.

On September 18, 2017, Ms. McAlman filed an IRA appeal alleging that the NPS took various personnel actions against her in retaliation for her protected activity. The AJ considered whether Ms. McAlman met "her burden to establish her *prima facie* case" that "(1) [s]he engaged in whistleblowing activity by making a protected disclosure (5 U.S.C. § 2302(b)(8)) or engaging in other protected activity (5 U.S.C. § 2302(b)(9)); and (2) the protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action." S.A. 13–14. The AJ assumed, without deciding, that Ms. McAlman engaged in protected activity, but found she "failed to demonstrate her protected activity contributed to the alleged agency actions." S.A. 17. The Board affirmed the initial decision and denied Ms. McAlman's petition for review. The AJ's initial decision thus became the Board's final decision. *See* 5 C.F.R. § 1201.113(b). Ms. McAlman appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We first consider our jurisdiction. This court does not have jurisdiction to hear appeals of mixed cases. *Harris v. Sec. & Exch. Comm'n*, 972 F.3d 1307, 1318 (Fed. Cir. 2020). "When an employee complains of a personnel action serious enough to appeal to the [Board] and alleges that the action was based on discrimination, she is said (by pertinent regulation) to have brought a 'mixed case.'" *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012) (emphasis omitted); *see also Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 424 (2017) (quoting

*Kloeckner*).  It appears that Ms. McAlman has indicated that she does not wish to abandon her discrimination claim.  However, "IRA appeals . . . by definition are never 'mixed cases.'"  *Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1328 (Fed. Cir. 2020).  Thus, we do not lack jurisdiction over Ms. McAlman's IRA appeal.

Our review of decisions by the Board is limited by statute.  The Board's action must be affirmed unless it is found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c); *see also Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1537 (Fed. Cir. 1984).  "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Crawford v. Dep't of the Army*, 718 F.3d 1361, 1365 (Fed. Cir. 2013) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)).

"[T]o prevail in an IRA appeal alleging retaliation for protected disclosures under the WPA, the burden falls on the employee to show by a preponderance of the evidence that (1) a protected disclosure was made; and (2) the disclosure was a contributing factor in the adverse personnel action."  *Carson v. Dep't of Energy*, 398 F.3d 1369, 1377 (Fed. Cir. 2005).  Ms. McAlman alleged that "[s]he engaged in activity protected under 5 U.S.C. § 2302(b)(9) when she (a) [f]iled OSC complaints in 2007, 2008, and 2010; (b) [f]iled a[] [Board] appeal in . . . 2011; [and] (c) [f]iled union grievances."  S.A. 12 (citations omitted).  Ms. McAlman contended that this "protected activity was a motivating factor in the agency's decisions to (a) [not] [r]eassign her; (b) [d]eny her a hardship transfer; (c) [d]emote her from GS-9 IT specialist to GS-9 visitor use assistant on or before

February 12, 2010;[1] [and] (d) [i]ssue her a [L]etter of [W]arning in 2015." S.A. 13. The Board found that Ms. McAlman "did not prove two of four alleged agency actions occurred," namely the denial of her hardship transfer and the demotion. S.A. 14. But the Board went on to consider whether Ms. McAlman's protected activity contributed to any of the alleged personnel actions, including the hardship transfer and the demotion. Ms. McAlman did not present any direct evidence that her protected activity was a contributing factor in the personnel actions, and she relied entirely on a knowledge-timing theory that the official taking the personnel action had knowledge of Ms. McAlman's protected activity and the personnel action was proximate in time to the protected activity.

5 U.S.C. § 1221(e)(1) provides that:

The employee may demonstrate that the disclosure or protected activity was a contributing factor in the personnel action through circumstantial evidence, such as evidence that—(A) the official taking the personnel action knew of the disclosure or protected activity; and (B) the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or protected activity was a contributing factor in the personnel action.

The Board found that Ms. McAlman "failed to demonstrate her protected activity contributed to the alleged agency actions." S.A. 17. The Board rejected Ms. McAlman's claim on two grounds. First, the Board found that for each of the four personnel actions alleged by Ms. McAlman, the official taking that action did not have knowledge

---

1    How Ms. McAlman's claim differs, if at all, from the claim in her 2011 IRA appeal (*McAlman*, 2011 WL 5866442) is unclear.

of Ms. McAlman's protected activity. The Board found that the officials "testified credibly and without contradiction that [they] did not know about [Ms. McAlman's] OSC complaint, grievances, or [IRA] appeal." S.A. 19. "[W]e defer to an AJ's credibility determinations and . . . such determinations are virtually unreviewable." *Larson v. Dep't of the Army*, 260 F.3d 1350, 1356 (Fed. Cir. 2001); *see also Chambers v. Dep't of the Interior*, 515 F.3d 1362, 1370 (Fed. Cir. 2008) ("The Board affirmed all of the administrative judge's findings and conclusions, relying on undisputed facts and the administrative judge's credibility determinations. We find no error in the Board's conclusion. Indeed, credibility determinations are 'virtually unreviewable' at this level." (internal citation omitted) (quoting *Hambsch v. Dep't of the Treasury*, 796 F.2d 430, 436 (Fed. Cir. 1986)).

Second, the Board found that the personnel actions were too distant in time from Ms. McAlman's protected activity. Ms. McAlman's protected activities occurred in 2006 (union grievances), 2007, 2008, 2010 (OSC complaints), and on February 16, 2011 (IRA appeal). The alleged personnel actions occurred in 2010 (demotion), 2014 (denial of hardship transfer), and 2015 (denial of reassignment and letters of warning). The Board noted that the denial of hardship transfer, denial of reassignment, and the letters of warning all occurred more than two years after Ms. McAlman's protected activities. "A two-year gap between the [protected activity] and the allegedly retaliatory action is too long an interval to justify an inference of cause and effect between the two." *Costello v. Merit Sys. Prot. Bd.*, 182 F.3d 1372, 1377 (Fed. Cir. 1999). Finally, on or before February 12, 2010, Ms. McAlman was involuntarily transferred from IT specialist to visitor use assistant. Some of the alleged protected activities (her union grievances in 2006 and her OSC complaint in 2007) occurred more than

two years earlier.[2]  Ms. McAlman's other protected activities (her October 2010 OSC complaint and February 16, 2011 IRA appeal) occurred after the alleged demotion.  Protected activities occurring after the alleged demotion cannot be a contributing factor to the alleged demotion.

We therefore conclude that the Board's decision that Ms. McAlman's protected activity was not a contributing factor in the adverse personnel actions is supported by substantial evidence.

**AFFIRMED**

COSTS

No costs.

---

[2]    The Board did not address Ms. McAlman's 2008 OSC complaint.  However, because the Board found that the official who allegedly demoted Ms. McAlman did not have knowledge of Ms. McAlman's protected activities, substantial evidence supports the Board's finding that Ms. McAlman's 2008 OSC complaint was not a contributing factor in her alleged demotion.